The next case is 2560198, Cuevas Machine Company, Inc. v. Calgon Carbon Corporation. You may proceed, Mr. Kirsberg. Good morning. Madam Chief Alright, and may it please the Court, my name is Jason Kirsberg, and I represent the appellant, Cuevas Machine Company. Cuevas is a family-owned industrial machine company based in Burlington, Mississippi, which performed labor, services, and materials for appellee Calgon Carbon Corporation during its multimillion-dollar construction expansion project to expand its carbon filtration plant based in Burlington, Mississippi. To perform the construction, Calgon contracted with general contractor O'Neill Constructors. O'Neill then subcontracted with several Mississippi subcontractors, dozens, in fact, including Cuevas. The contract between Cuevas and O'Neill included a so-called pay-when-paid clause whereby O'Neill would pay Cuevas once Calgon paid O'Neill. Cuevas began its work, was last paid in May of 2023, continued work from June through September of 2023, and during that time provided labor, services, and materials to Calgon's construction project exceeding $1.2 million dollars, was not paid a cent, however, for any of that work. Calgon on October 13th, excuse me, rather, Calgon on October 13th, shortly after this time period, issued a press release touting the expansion and the local Mississippi jobs it created, stating, it's a great feeling to hire more people and expand our presence here. Shortly after, on October 24th, 2023, Cuevas filed two construction liens under Mississippi Code 85-7-405. The first lien was in the amount of $463,244.50, and the second lien was in the amount of $471,660.45. Now, no doubt that your client may have been owed this money, right? You think it was owed, right? Yes, Your Honor. But the problem is the liens that you're just about to tell us that said these amounts, are the lien documents facially compliant with the statute because they don't specify the date on which the services were performed, even though the invoices may say the dates, the lien documents don't, and the lien documents needed to. So, are you stuck? Because the lien documents are fatally flawed. No, Your Honor. Section 85-7-405 states that the lien shall, in substance, state the date the claim became due. There is one lien. There is the first page of the lien, and then the other documents comprising the lien. Those other documents are the invoices. So, you believe the lien, that the invoices are the lien, that that's part of the lien itself? Yes, Your Honor. Okay. And that the lien is not the lien document which needed to say this information? The first page of the lien provides the information provided by the statute. For instance, had— Why didn't the first page say the date? It was an error, wasn't it? Your Honor, I can't get into the head of the counsel that filed the lien. However, the statute states that the lien shall state the date the claim became due. What better evidence than the date a claim became due than the date of the invoice? We're talking about evidence of the claim. We're talking about what does— The first you said it is the lien, the invoices. And now you're saying it's evidence of the lien. Is it the lien or is it evidence of the lien? It's both. The lien doesn't distinguish between the first page of the lien and any other documents there, too. And the invoices are—they say net 30, which means they were due upon receipt. Well, but this leaves fact questions that the lien statute just doesn't encompass. In other words, 85-7405-1 says that the lien must be created and declared in accordance with the following provisions, and it delineates. And net 30, I don't know what that means. It probably means 30 days from the date of the invoice. Maybe it means 30 days from the delivery. But the bottom line about the lien statute is it seems very clear that they're to be strictly complied with and it's supposed to state the date that services were last provided, the date that it was due. And the lien didn't do that in this case. Your Honor, we respectfully disagree because— You get support in the statute that says you can incorporate by reference the requirements in the lien. The support doesn't come directly from the statute itself. However, the district court dismissed, making an eerie guess about what Mississippi, because there was no controlling precedent, what Mississippi's highest court would state if presented with this issue. There's only one published— What I know here is that Calgon would completely read out the words in substance, right? Absolutely. And you rely, as I understand it, substantially on the land holdings one case from the Mississippi Supreme Court in 2019, which talked about the flexibility that's used to interpret this statute in a reasonable way, which comports completely with the, quote, in substance language. Your Honor said it better than I could. The land holdings one case is important for two reasons. One, it's the only case that has ever addressed this issue to state the claim of a— to state the date when a claim became due, which is also the last date where labor services or materials were provided to the premises. So the Chancery Court proceedings which resulted in the Supreme Court's decision on landholding one, also known as the Scarlet Pearl Casino, which I'll just refer to as the Scarlet Pearl Casino, are highly relevant. In that case, on April 14, 2016, subcontractor GSI filed a lien under 85-7-405. In that lien, it stated that the claim became due on December 31, 2025 for work that was last provided on February 15, 2016. Of course, a petition to expunge was filed, claiming that the lien was facially invalid. Just prior to the petition to expunge, the general contractor had been litigating for breach of contract and negligence against the subcontractor, GSI, which had filed this claim of lien. During that litigation, the subcontractor, GSI, filed three counterclaims. The first counterclaim said that the claim became due on December 1. The second counterclaim said the claim became due on December 31. And the second amending counterclaim said that the claim became due on February 5. None of those dates were anywhere reflected in the lien. What happened is the Chancery Court held an evidentiary hearing, during which the evidentiary hearing, there was testimony provided that the last date that work was provided to the premises was no date that was reflected on the lien. It was actually a date in March, March 18, 2023. Now, the petition to expunge was denied and the lien was upheld. So the Scarlet Pearl Casino then appealed. During the appeal, in deciding the issue, the Supreme Court stated as follows, which it upheld that the March 18, 2016 date, which appears nowhere in the lien itself, was the date work was last supplied to the premises, labor services, or materials. And the quote stated, Mark Wiggins, the operations manager with GSI, was the only witness who testified at the hearings. Wiggins testified based on his personal knowledge and through the use of employee timesheets that GSI employees performed work at the Scarlet Pearl Casino on January 15th, February 5th, March 14th, March 15th, March 16th, March 17th, and March 18th, 2016. Therefore, it held that March 18, 2016, the last date work, labor services were supplied to the premises, was considered the date became due. Importantly, that date is not . . . Can you tell us . . . The district court here says that that's a problem because even if you could treat the liens, unlike in the case that you mentioned, if you could treat the liens, I mean the documents, the invoices, as part of it somehow, they still fail to state the date on which the claim was due, the last date at which the services were performed. That's not readily indicated by the liens. Your Honor . . . Or by the documents attached. Understood, Your Honor. However, that's simply not true. If you look at the lien, excuse me, the invoice, it says net 30. Under net 30, the claim is due upon receipt and overdue within 30 days. We also know that those were submitted at the time the work was done, not at some later date because there were other . . . We don't know that. You have to know all of these things to know that. It's not readily apparent from looking at even the invoices of when the final one was due. Your Honor, respectfully, stating net 30 indicates that it's due upon receipt. There's a case in the Fifth Circuit that actually discusses what net 30 means. Hutton Communications Incorporation versus Communication Infrastructure Corp . . . Argue that to the district court. Do we argue . . . These are facts on the record. Did you argue this, that it actually was explained . . . Yes, Your Honor. . . . in excruciating detail to explain where you could get the information of when the last day it was due, the last day the work was performed? We argued exactly what we're arguing now, that the date the claim became due is reflected in the invoices, which is . . . But you're being more specific now about the net 30. The net 30 has always been a . . . Did I identify net 30 to the court? No, Your Honor, but it's a fact that's in its writing It's not a new argument. It's not waived. It's taking facts that exist in the record. The district court specifically said they failed to state the day in which the claim was due. Your Honor, and we argued the date the claim was due was the date of the invoice. But that's not . . . But the lien doesn't contain it. The lien itself. Your Honor, respectfully, I believe you're making a distinction, between the form language that in substance the lien requests . . . Well, no, wait a minute. 405.1, I guess the first part of it says it has to be declared in accordance with the following provisions, and it lists out the various requirements, including it's got to be within 90 days after the claimant's last work performed, etc. Then it goes to 405, I guess, 1B that says the claim shall in substance be in follows. Why is the fair reading of that statute, 405.1B, not just the example of how the legislature sort of said the lien needs to follow these things and say these things? In other words, you've still got to comply strictly with the foregoing subsection of that statute. It's got to include the date the last work was performed because that's how the 90 days triggers. Your Honor, if you look . . . And the lien doesn't do that. Your Honor, respectfully, the lien does that through the invoices. That's exactly what I imagine. Of course, I don't know because it's not in the record that the attorney who drafted these believed. It says, must state the date the claim became due, which is the same as the last date labor services materials were provided to the premises. Those are two similar but not necessarily identical things. A claim becomes due once the invoice is provided and it's due. Similar but not necessarily identical things, which is why the lien statute says you've got to state it in the lien so there's no ambiguity about it. Your Honor, it's . . . Aren't we supposed to read these lien statutes very strictly? You're also supposed to read the statute in accordance with the legislative intent. Here, the legislature . . . This whole lien exists . . . The legislature intended by going so far as to prescribe in substance what the lien itself has to say. And that includes specifying the date the claim was due, which is the same as the last date the labor services materials were supplied. Your Honor, respectfully, by stating the claim shall be in substance, it's not saying that the lien shall state this. Yes, it does. It shall include that in substance, the information there. Yes, but you can't read that part of the statute in isolation from the prior statutory language that says it must be created and declared in accordance with the following provisions. And then later on it says the claim shall in substance be as follows. A substance does not require . . . It didn't say shall be as follows. All that means is you don't have to follow this exact script, but materially you've got to have all this in the lien. And, Your Honor, we . . . The date's not in there. Your Honor, respectfully, the dates are in the invoices. And this is a . . . I have a question. You're saying it's in the invoices. You agree with Judge Wilson that it's not in the cover document that said the lien, but you think it's in the invoices. Is that right? Correct, Your Honor, but the statute doesn't distinguish between the two. Okay. Assuming, argument, though, that your argument is that it would be okay to be in the invoices. The district court also rejected that because the district court said that the invoices attached to the lien do not actually specify the last date of the labor, services, or materials and further says that even if attaching an invoice to a lien could be considered in substance, which I believe is the argument you're making, the liens here do not meet that standard because they are not clear and they do not specify when the claim was due. That is the last date services or materials were supplied to the premises. And we respectfully believe that that was an erroneous finding, Your Honor, because the invoices are submitted. They show when they're due through the language net 30. But you didn't argue net 30 or any of that to the district court. It's plainly on the invoices. You said the liens don't meet that standard. Did you come back and say, Yes, they do. It's your page. Their peace-citing page is 11 to 38. You could say, No, on page 32, it clearly says the date they're due. Your Honor, you're wrong. Did you do that? Respectfully, Your Honor, he dismissed the case. Right. Did you file a motion for reconsideration and say you're looking at these documents wrong? No, Your Honor. We felt that the district judge had made up his mind, so we exercised our right to file an appeal. Did you file something before us that would tell us where it specifies when the claim was due, the last date of services were supplied to the premises? The last date the services and materials were supplied. Do they actually say the last date? Can we tell readily from looking at 11 to 38 what the last date was? The date of the last invoice, which is why I'm saying that the lien must state the date the claim became due, which is the same as the last date labor services or materials were supplied to the premises. The claim becomes due at the time an invoice is due. However, when it becomes due for the purpose of the statute, it's the last time labor services and materials are provided, which is reflected in the invoices. The legislature saw this as complicated if it would just have said when a claim becomes due. When there's ongoing construction, there could be multiple claims. So what it did was it created this fiction that basically stated you must state when a claim became due, but by the way, that's the same as the last date labor services or materials are provided to the premises. But that's not net 30. I'm sorry, Your Honor. It's not net 30. Right, but it states when the claim became due. Is it the last date of the services, or is it net 30? Those are two different dates. Your Honor, I believe my time is up, so I'll answer your question. Respectfully, the statute says it must state the date the claim became due. Not the claim of lien, but the underlying claim. Those are two separate things. The underlying claim is reflected in the invoice. The last date labor services or materials were supplied can be determined by the last date of the invoice, which was the last time a claim became due. I see my time is up. I'm sort of having a hard time getting a question in edgewise, so I'm going to ask you some questions on the red light. But that's not your fault. So, obviously, in making an eerie guess, we want to look at what the state courts have said, and particularly the Mississippi Supreme Court. There's always, for me, a red flag that comes up when the appellee cites a particular case and then the appellant in the reply brief doesn't mention that case. But I'm going to give you a little bit of help because they rely on the Straus case, Mississippi Supreme Court from 1880, and they say the Mississippi Supreme Court has long required strict compliance with the statutory requirements, citing Straus without any further discussion. But, in fact, if you look at the Straus case, it does just the opposite. The Straus case, in fact, helps you by criticizing the question of lien priority as too narrow and technical under the statute. I think Straus is strong Mississippi Supreme Court opinion in your favor. I would agree, Your Honor. They also... But you didn't cite it in your reply, and you had plenty of pages to do that. I mean, we can still look at the law. I'm not saying that you've waived or forfeited that, but they also cite the Jones case, but the Jones case is distinguished because there was no notice in that case, and that's not what happened here. So, anyway, tell us if you know how we should handle the Straus case. Your Honor, I believe the Straus case should be used to show that strict compliance, at least, needs to be balanced with the intent of the statute, A. B, I believe that the most salient case is going to be the Scarlet Pearl Casino case because it specifically addresses the statute that's at issue here. So you've got Straus and you've got Lamb Holdings 1, at least those two that should tilt us in your favor here. Well, the other case, of course, would be the Katie Oak Grove case that they cite, which was relied on heavily by the district court, which was one of the few published cases... Yeah, that dealt only with the notice provision, but not with the content of the notice. Correctly. Yes, Your Honor, which is not... which was latched onto by the district court judge, but it's an opposite here. It dealt with whether or not a Liz Pendens was timely filed. That's a binary issue. The statute says a Liz Pendens must be filed with commencement of the action. That's either done or it's not. No Liz Pendens was filed with the commencement of the action. In fact, a Liz Pendens wasn't filed until after 110 days after the action was commenced. So I don't understand how Katie Oak Grove v. Warren Paving would be direct controlling, although the district court did not consider it a controlling precedent and acknowledged there was no controlling precedent, relied on that to assume that the Mississippi Supreme Court would apply the same treatment to this different language, which talks about including this information, quote, in substance. I believe given that the Scarlet Pearl Casino v. GSI case where the Mississippi Supreme Court did not invalidate the liens based on testimony at a hearing and the lack of controlling precedent should have led the district court to do one of two things. If there was an issue involving the liens, it should have either, A, held an evidentiary hearing, which is exactly what the Supreme Court tacitly approved in the GSI case, or it could have certified the question to the Mississippi Supreme Court and taken out all guesswork. Of course, that was discretionary, and you couldn't call it error not to, but it was certainly an option. And I'm now well beyond my time. If you have no further questions, I will yield. When you come back on rebuttal, can you address whether you think we should certify this case to the Mississippi Supreme Court? Yes, Your Honor, I will. Thank you. I don't believe it's argued in the brief to do that. And you could answer that question, too. Mr. Burns did some point. Can you address that question, too? Good morning, and may it please the Court. Jerry Burns on behalf of Pele Calgon Carbon Corporation. We don't object to the Court certifying this question to the Mississippi Supreme Court. Do you think it's necessary here? We don't. This is a very narrow case of statutory construction. Mississippi's lien law requires that the contractor's lien specify the last date on which work was performed. So what do you do with the in-substance language? You just read that out? We can just ignore that, right? Not at all, Your Honor. 85-7-405-1B provides that the claim of lien shall be the word shall, by the way, being mandatory under the KDO Grove case, shall be in substance as follows. And then there's a quote with suggested language that could be included in the lien. As Cuevas called it in their reply brief model language, we agree with that. It's model language. In substance means that exact language doesn't need to be followed. But the term in substance doesn't mean that they don't have to specify the last date on which the work was performed, which is in that model language. But, Your Honor, I would point out, the term specify is in parentheticals in the model language in 85-7-405. So where it says in substance as follows, there's a quote, but then in parentheticals it says, specify the date on which last work was performed. Specify, the plain meaning of specify, as the district court applied it from Webster's, is state explicitly or clearly. That's what wasn't done here. And, Your Honor, I'd point you to 85-7-405. There's another part of that model language where it says, that's where the claimant will say, I claim a lien in the amount of, and then there's another parenthetical that says, specify the amount claimed. They have to state the exact amount that's being claimed. So in this case, assume that CUEVAS had not stated the amount that was claimed on the face of their lien, but simply attached a set of invoices with no explanation as to whether those invoices represented the amount that was due. That's the same exact situation we have here. It wouldn't comply with the requirement to specify the amount that was due. They didn't comply with the requirement to specify the last date on which work was performed. I'll point out, Your Honor, that... Can a reasonable person ascertain the last date readily by looking at the attached documents? No. First of all, there's a question, which we don't need to reach here, as to whether those invoices are even part of the claim of lien. I'll point out... Assuming arguendo it is. Okay. I understand you think it's the lien document itself. But assuming arguendo that is part of the lien itself, can you ascertain from that readily what the date due was? You can't. The invoices just have a date on them. There's no information in the invoices to say what that date means. It could very well be the invoice date, the date the invoice was issued. Did NET-30 provide additional information to be helpful in that? I don't think so, because my understanding of NET-30, although there's nothing in the record on this as to what the understanding of NET-30 is, but NET-30 would be 30 days from the date the invoice was issued. That would suggest that the date that's on the invoice is actually the date of the invoice, not the date that the work was performed. The point is, the law... It could be either. We don't know. That's the point. It could be either or both, depending on who's giving you the invoice. You're right, Your Honor, and the point is we don't know. The law very clearly says specify, and this law is written in mandatory language throughout. It says the claim of lien must be in the form that follows, and if it's not, it shall not be effective. Well, that's the language I read earlier. Right. I take it you're agreeing with my reading. You call it model language. That's a better, more succinct way of describing it than I was trying to do. Yes, Your Honor. The language that we're both talking about is mandatory. What do you do with the case law that we were talking about? Straus and was it Landholdings? It does suggest the Supreme Court in Mississippi is more permissive. I don't... Landholdings doesn't suggest that at all, Your Honor, respectfully. Landholdings dealt with a... didn't deal with the question of whether the lien facially included the information that was required by the statute. Wasn't the problem there there were, like, two dates or there were... That lien specifically said the last date of work was X, so it complied with the statute on its face. The landlord challenged that and said, no, that was punch-out work or something along those lines, remedial work. That didn't qualify under the statute, so there was a dispute as to the factual accuracy of the date that was specified in the lien. But there's no Mississippi case... Wouldn't that also suggest that here, if there's a question about the factual accuracy of the invoices versus the lien and all that, that there should be an evidentiary hearing? But that's not the question, Your Honor, respectfully. The question is whether they facially complied with the statute. They didn't say anything to be challenged factually. There's nothing in here from which you can deduce a date on which the work was last performed. And specify, as we've said and as Judge Osreden said, specify means state clearly and explicitly. If you need an evidentiary hearing to determine whether you said something in a lien, you didn't state it clearly and explicitly. Where's your case law that supports that? The general proposition that the lien laws are to be read strictly? The general proposition for that is the Jones Supply case as well as the K.D. Oak Grove case, which says that the word shall, which is used in 85-7-405, preceding the paragraph that requires them to specify the last date of work performed, K.D. Oak Grove says that the word shall is a mandate, not a suggestion. So what do you do with the language in Straus that speaks in terms of that kind of reading as, quote, too narrow and technical? I'm talking about the Mississippi lien statute. Well, Straus, as Your Honor knows, is a very old case, and we cited it for the language in it that states that liens are to be strictly construed. And that was a misleading citation. You didn't give any explanation. The Mississippi Supreme Court, you said, has long required strict compliance with the statutory requirements, but the Straus, the Mississippi Supreme Court in Straus, said just the opposite, and then on top of that is the language in substance, which is in the statute that we're dealing with here. But the language in substance, Your Honor, refers only to the quote, which is the model language. All in substance means is you don't have to use the exact language that's in the quote. But my point is that your representation that the Mississippi Supreme Court has long required strict compliance is at best misleading, given what they said in Straus. I don't agree, Your Honor, and I would cite again to the Jones Supply case, which is a 1964 case from the Mississippi Supreme Court. Not to mention Landholdings 1, which interprets the lien statute flexibly. Not in terms of whether there was facial compliance with the statute, Your Honor. Cuevas is asking for wiggle room in a statute where the Mississippi legislature foreclosed that wiggle room. The Mississippi legislature... Well, we certainly look, though, in making an eerie guess, we certainly look to what the Mississippi Supreme Court has said in other cases regarding liens as to whether they have told us, in effect, to construe those statutes with some flexibility. And there was no flexibility applied to the statute in K.D. Oak Grove, which is the most recent pronunciation from the Mississippi Supreme Court, on this same exact provision, although a different part of it. Same exact statutory provision. And, Your Honor, I don't think I answered your question as to whether we have any case support to say that if you need an evidentiary hearing to show that you specified something in the face of your lien, then you didn't specify it. There's no case that's dealt with that specific issue. But when you look at the way the words that the Mississippi legislature chose when they wrote this statute, must, shall, shall be in substance as follows, and specify... Is there any case that addresses this idea of incorporating supporting documents in the lien document? In other words, the invoices here, coupled with the lien document itself, are to be read together? Your Honor, is there anything like that? There's no case that I know of, but I would point out that the lien... That does not suggest, though, that perhaps we should certify this question. It's a very important question in the state of Mississippi, for sure. But the facts of this case don't support that, Your Honor. There's nothing in this lien that incorporates those invoices. They're not referenced. There's nothing in the claim of lien that says, here are invoices that are incorporated by reference. There's not even a mention made of them. They were just attached to the filing. I don't... In construction projects across the state, is it the practice to do it this way? In my knowledge that I've gained through this project and the related cases, I don't believe it is. But I couldn't say that specifically, Your Honor. But I think this is an imperfect case to certify that question to the Mississippi Supreme Court because this particular claim of lien doesn't purport to incorporate the invoices that are attached. It doesn't say anything about them. So... No dispute they were attached. No dispute they were attached. If we make the wrong eerie guess here, we're upending the lien laws in Mississippi and lien practice and a whole lot of... But I agree with that, Your Honor. Again, this is an imperfect case because the invoices themselves, even if they're incorporated, don't meet the statute. Even in substance, they don't meet the statute. They don't say anything about the date the last work was performed. They just have an unexplained date on them that nobody said anything about. So, again... It's a term of art. I mean, you know that you've got to pay that invoice within 30 days of the date of the invoice. Of the date of the invoice. That's exactly right, Your Honor, which is not the same always or in many cases as the date the last work was performed. The statute doesn't talk about date of the invoice. The statute talks about the date the last work was performed. So, again, I don't... That particular issue I don't think would be well suited by certification to the Mississippi Supreme Court because even if the court were to hold that these invoices were somehow incorporated into the claim of lien, the invoices themselves don't meet the statutory requirements. I don't have anything further to add unless there are further questions. Thank you very much.  May it please the Court. I would first like to address counsel Opposite's repeated reference to the language in the statute that says the same as the last date labor services or materials were supplied to the premises. Counsel Opposite completely ignores that the first part of that sentence states that the claim shall specify the date the claim was due. Then it says which is the same as the last date labor services or materials were supplied to the premises. The date the claim is due is the same as the date on the invoices. But it says the lien shall specify that date. It says the lien shall specify the date the claim became due. Correct, Your Honor. Your Honor, second of all, counsel Opposite's reference to... I'm still confused. Was it due the date that's listed on that invoice or is it due the 30 days after that date? Net 30 is a term of art which means due upon receipt, the date of the invoice, but it's considered overdue after 30 days. Okay. So it was due on the date of the invoice or was it due on the date the work was performed? When was... I'm sorry, which of those dates? The claim became due on the date of the invoice, and that is what the statute calls for, that the lien must specify the date the claim became due, which is the same as the last date work was supplied to the premises. So when you have... Because why? Because that's the language of the statute. No, we know it became due on the date of the invoice. Correct. Because why? Because the invoice states, details the work that was done. They come on... They're not issued on regular intervals. For instance, at our law firm, we submit monthly invoices. You see that the invoices here were submitted on staggered intervals, nothing anytime that would indicate that they were submitted on biweekly or monthly or anything like that. The invoices are all over the place. They were submitted at the time the work was complete. Well, maybe. I mean, we just finished building a house, and we got invoices every week, and it wasn't necessarily the date the services were performed. It was pretty close to that time. But that would still be a stag interval. But the other reality is, I mean, you may have clients way better than the clients I had, but they don't pay you on the day you send the invoice very often. If I paid you on day 29, it's not going to be overdue. True, Your Honor. But the date the claim becomes due is reflected in the invoice. So we have to dive more deeply into practice. Do you pay within that day? Do you pay within day 29 or day 30? Is it, you know, after 30 days, it's 1% interest or something like that? The only question is the date the claim became due. That's what the statute asks. So while you have some time left, tell us about the Katie Oak Grove case. I mean, that's at least the third case that was relied . . . In fact, it was relied on more heavily by counsel opposite than any other case, but you didn't even mention it in your reply brief. So I'm going to give you a chance to address that. Your Honor, in Katie Oak Grove v. Warren Paving, Warren Paving filed a payment action to file a lien, then it filed a payment action to foreclose on it. It did not . . . What Warren Paving did not do was satisfy 857-405-1C, which is a different section completely than the operative section that we're talking about, which is 1B. It had to do with notice, right? Yes, Your Honor. What happened was in 857-405-1C states, a Liz Pendens notice shall be filed with the commencement of the action with a copy to the owner and contractor. In Katie Oak Grove v. Warren Paving, Warren Paving filed its payment action, but did not file notice of a — did not file a Liz Pendens and did not serve any such Liz Pendens on the owner at the commencement of the action. It did file one, but it filed one 110 days after it filed the action. The court in Katie Oak Grove said that does not satisfy 87 — excuse me, 857-405-1C's sentence that states clearly, a Liz Pendens notice shall be filed with the commencement of the action with a copy to the owner and the contractor. That's very different than 857-405-1B's requirement that a claim shall in substance be as follows. Also, Your Honor, it bears pointing out here in this case that at the time the liens were filed, pursuant to the statute, notice was provided to Calgon. It had the opportunity to file a petition to expunge or otherwise object. It never did. It has never contested that these liens were timely. Second of all, Calgon admits there's only one purpose. There's only one purpose behind these liens indicating the date the claim became due in order to determine whether they comply with the 90-day statute. That's it. And they have never objected or otherwise claimed that these liens were untimely filed. What is your position on certification of the question? So, Your Honor, certification, according to Lehman Brothers v. Schein, this court — excuse me, the United States Supreme Court in 1974 stated when the resolution of a question is determinative to the case and there is no clear controlling precedent in the state's appellate decisions, the court may certify the question to the state's Supreme Court. It's a discretionary process. We know all that, but would you do it here? Yes, Your Honor. I believe this would be a perfect case for certification to the Supreme Court, especially given the way that it's treated this subsection in 85-7405 before, specifically in Landholdings I, where it relied to determine that these liens were timely, not on the lien whatsoever, but on evidence that was adduced during trial by testimony. And the date that the work was deemed last provided to the premises was on March 18th, 2016, a date that appeared nowhere in the lien, which cited December 31st was when the claim became due, which is facially a nonstarter because that's more than 90 days before the lien was filed on April 14th, and then also said, contradicting that, that work was last applied on February 5th. That's what the lien said. The court determined after hearing, and the Mississippi Supreme Court affirmed, that the true date work was last, or labor, services, and materials were provided to the premises, was March 28th, 2016, a date that appears nowhere in the liens. I see my time is up. Any further questions? Okay. Thank you. Your time is exhausted. Thank you for your arguments. We appreciate both arguments. The case is submitted. This concludes this court sitting for this week, and the court will stand adjourned pursuant to the usual order.